```
UNITED STATES DISTRICT COURT                    FOR ONLINE
EASTERN DISTRICT OF NEW YORK                    PUBLICATION ONLY
-------------------------------X

JUAN MENJIVAR                                   MEMORANDUM
                                                  AND ORDER
                Petitioner,                     06 CV 2854 (JG)

        v.


LARRY SEARS,

                Respondent.
-------------------------------X

A P P E A R A N C E S:

JUAN MENJIVAR
        6a Calle Oriente # 3A
        Cojutepeque, Cuscatlan
        El Salvador, Central America
        Petitioner *Pro Se*

RICHARD BROWN
        Queens County, District Attorney
        125-01 Queens Boulevard
        Kew Gardens, NY 11415
By:     JOHN M.CASTELLANO
        Assistant District Attorney
        Attorney for Respondent
```

JOHN GLEESON, United States District Judge:

Juan Menjivar petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his September 17, 2002 conviction in Queens County following a plea of guilty to robbery in the first degree. He was sentenced to five years in prison and two and one-half years of post-release supervision. Menjivar claims his plea was not

1

valid because he was not advised that his sentence would include a mandatory period of post-release supervision. For the reasons set forth below, the petition is denied.

BACKGROUND

A. The Offense Conduct

On July 8, 2001, Menjivar robbed a Burger King restaurant in Queens, New York. After fleeing the jurisdiction, Menjivar was apprehended in Seattle on March 7, 2002, and was returned to New York for prosecution.

B. The Procedural History

1. *The Plea Colloquy*

Menjivar was not informed when he pled guilty on September 17, 2002 that his sentence would entail a period of post-release supervision. Guilty Plea Tr. 6. The court sentenced him immediately following the plea, and informed him at that time of the two-year mandatory supervised release provision. *Id.*

In spite of his waiver of the right to appeal, Menjivar filed a notice of appeal on September 27, 2002. On January 8, 2003, the Appellate Division, Second Department, appointed counsel to represented Menjivar. Def.'s Br. 3. Menjivar subsequently withdrew his appeal, and by order dated August 11, 2003, the Appellate Division marked his appeal withdrawn. *People v. Menjivar*, No. 2545/01, *1 (2d Dep't., Aug. 11, 2003).

2. *The Motion to Vacate Judgment*

On August 18, 2005, two years after the withdrawal of Menjivar's appeal, he moved for state collateral relief pursuant to N.Y. Crim. Proc. Law § 440.10. Menjivar

2

based his § 440 motion on *People v. Catu*, 4 N.Y. 3d 242 (2005), which held that courts must inform defendants during the plea allocution of any mandatory term of post-release supervision. Menjivar claimed that because he had not been informed of the mandatory period of post-release supervision before pleading guilty, his conviction was invalid.

On September 14, 2005, the New York Supreme Court, Queens County, denied the § 440 motion. Because Menjivar had failed to raise his claim on direct appeal, the court found the claim to be procedurally barred. *See People v. Menjivar*, No. 2005-10482, 2545/01, 3 (N.Y. Sup. Ct., Sept. 14, 2006) (Rotker, J.) ("§ 440 Decision"). The court also rejected the claim on the merits, concluding that *Catu* "does not apply retroactively to defendant's case in this court." § 440 Decision at 4.

On December 27, 2005, the Appellate Division denied Menjivar's motion for leave to appeal. *See People v. Menjivar*, No. 2005-10482, 2545/01, 1 (2d Dep't., Dec. 27, 2005) (Cozier, J.). On January 30, 2005, the Court of Appeals also denied leave to appeal. *People v. Menjivar*, 6 N.Y.3d 778 (2005) (Kaye, C.J.).

3. *The Instant Petition*

Menjivar now makes the same claim he advanced in his § 440 motion. *See* Pet. at 4. He argues that the one-year statute of limitations that applies to federal habeas applications does not bar his petition because his state § 440 motion was decided less than one year before he filed the instant petition. *Id.* at 5.

3

DISCUSSION

A. <u>The Applicable Legal Standards</u>

   1. *The Statute of Limitations*

   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year period after the date a conviction becomes final during which a petition for a writ of habeas corpus may be filed in federal court. 28 U.S.C. § 2244(d)(1)(A). In this case, the limitations period ran from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review." *Id*. While a "properly filed application for state post-conviction relief is pending," the limitations period is tolled. *See* § 2244(d)(2); *Daye v. McDonough,* 126 S. Ct. 1675, 1679 (2006).

   2. *Procedural Default*

   Where there has been actual and explicit reliance upon a procedural default to dispose of a claim in state court, there is an "adequate and independent state ground" for the judgment, prohibiting federal habeas review. *See Harris*, 489 U.S. at 261; *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d. Cir.1995); *see also Coleman v. Thompson*, 501 U.S. 722, 744, 750 (1991) (noting the state's interest in "channeling the resolution of claims to the most appropriate forum, in finality, and in having the opportunity to correct [their] own errors"); *Lee v. Kemna*, 534 U.S. 362, 376, 381 (2002) (noting the existence of a "small category" of "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question").

In the event that a state appellate court rejects a claim as procedurally defaulted, the claim may be considered on federal habeas review only upon a showing of cause and prejudice, or upon a showing that a miscarriage of justice will result if the claim is not reviewed. *See Coleman*, 501 U.S. at 750; *Teague v. Lane*, 489 U.S. 288, 298 (1989).

A fundamental miscarriage of justice results from a failure to entertain the claim when a petitioner shows "that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is "extremely rare," and should be applied only in "extraordinary circumstances." *See Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003) (citing *Schlup*, 513 U.S. at 321-22).

3.  *The AEDPA Standard of Review*

Under AEDPA, a court may grant habeas relief only where the state court's adjudication of the federal claim on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[1] A state court's decision is an "unreasonable application" of clearly established federal law if the court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Furthermore, "a federal habeas court may not issue

---

[1] Though not relevant for the purposes of this petition, habeas relief is also warranted if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings," or where the petitioner presents clear and convincing evidence to rebut the presumption that state court findings of fact are correct. *See* 28 U.S.C. § 2254(d)(2); § 2254(e)(1).

the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist*, 260 F.3d at 93 (citing *Williams*, 529 U.S. at 411); *see also Yarborough v. Gentry*, 124 S. Ct. 1, 4 (2003) (per curiam) ("Where . . . the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.").

B.  Menjivar's Claim

   1.  *The Statute of Limitations*

Though a § 440 motion tolls the limitations period, it does not revive a period that has already lapsed. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

Menjivar's conviction became final on August 11, 2003, when the Appellate Division noted the withdrawal of his direct appeal. Menjivar did not submit any further applications for relief until he filed a § 440 motion on August 18, 2005. Therefore, the statute of limitations for Menjivar's federal habeas petition expired on August 11, 2004, one year after his conviction became final. The subsequent filing of a § 440 motion in August 2005 did not reset the limitations period. *See Smith,* 208 F. 3d at 17. Therefore, Menjivar is time-barred from bringing this claim.

   2.  *The Procedural Bar*

The state court concluded that Menjivar's claim was procedurally

6

defaulted because he had withdrawn his direct appeal. *See* § 440 Decision at 3. This actual and explicit reliance upon a procedural default bars habeas review unless Menjivar demonstrates cause and prejudice, or shows that a miscarriage of justice would result if I do not review his claim. He has failed to do so. Therefore, in addition to being time-barred, Menjivar's claim fails on procedural grounds.

3.  *The Merits*

Even if Menjivar's claim were neither time-barred nor procedurally barred, it would not succeed on the merits. When a criminal defendant enters a plea of guilty, thereby waiving his right to trial, he must do so knowingly, voluntary and "fully aware of the direct consequences." *Brady v. United States*, 397 U.S. 742, 755 (1970) (citation omitted); *see also Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *Wilson v. McGinnis* 413 F.3d 196, 199 (2d Cir. 2005 ) ("A plea of guilty is considered voluntary and intelligent if the defendant enters the plea with full awareness of its 'direct consequences.'") (citing *Brady*, 397 U.S. at 755).

Though the New York Court of Appeals has held that post-release supervision is the sort of "direct consequence" a defendant must be advised of prior to pleading guilty, *see Catu*, 4 N.Y.3d at 245, the United States Supreme Court has not reached the same conclusion. *See Lockhart v. Chandler* 446 F.3d 721,724 (7th Cir. 2006) ("[T]here is no Supreme Court precedent for the proposition that a defendant must be advised of a term of [Mandatory Supervised Release] at the time he attempts to enter a plea of guilty."); *see also Shabazz v. Perlman,* 2005 WL 2105533, at *6 (S.D.N.Y. Sept. 1, 2005) (noting lack of "any Supreme Court case that requires a state court judge to

advise a defendant of mandatory post-release supervision before accepting a guilty plea"). Therefore, the state court's decision did not present an unreasonable application of clearly established federal law.

## CONCLUSION

For the foregoing reasons, the petition is denied. As Menjivar has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 7, 2007
       Brooklyn, New York